

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WMP/JMK
F. #2013R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 31, 2017

**By Hand and ECF**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Robert Bandfield, et al.
      Criminal Docket No. 14-476 (S-2) (ILG)

Dear Judge Glasser:

   The government writes to provide the Court with lists of victims who suffered actual pecuniary loss as a result of the defendants' fraudulent manipulation of Vision Plasma Systems, Inc. ("Vision Plasma" or "VLNX") and Cynk Technology Corp. ("CYNK" or "Introbuzz"), a mere two of the more than forty stocks that were manipulated by the defendants and their co-conspirators, and whose profits were then laundered through various shell companies and attorney escrow accounts. The attached spreadsheets for VLNX and CYNK contain the name of the victim-investors, their addresses, and their corresponding loss amount. Notably, the attached lists only contain the information of victim-investors whose information the government was able to confirm. The actual pecuniary loss that the government was able to ascertain for VLNX is $19,936,049.58 and for CYNK is $679,408.43, for a total of $20,615,458.01. Thus, the government respectfully submits that the Court order restitution as to each defendant, jointly and severally, in the amount of **$20,615,458.01**, payable to the victim-investors identified in the attached spreadsheet.

I. Applicable Law

   The government bears the burden of demonstrating the amount of loss sustained by a victim. See 18 U.S.C. § 3664(e). Disputes as to restitution amounts are determined by a preponderance of the evidence. Id. The Mandatory Victim Restitution Act ("MVRA"), adopted on April 24, 1996, as part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and codified at Title 18, United States Code, Section 3663A, made restitution mandatory for particular crimes, including offenses involving fraud. 18 U.S.C. § 3663A(c)(1)(A)(ii).

   The Second Circuit has held that [b]ecause the MVRA mandates that restitution be ordered to crime victims for the "full amount" of losses caused by a defendant's criminal

Hon. I. Leo Glasser
January 31, 2017
Page 2

conduct, it can fairly be said that the "primary and overarching" purpose of the MVRA "is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." United States v. Boccagna, 450 F.3d 107, 115 (2d Cir. 2006) (quoting United States v. Simmonds, 235 F.3d 826, 831 (3d Cir. 2000)) (internal citations omitted).

Additionally, the MVRA was enacted to "ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society." S. Rep. No. 104-179, at 12 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 925; see also United States v. Johnson, 378 F.3d 230, 245 (2d Cir. 2004) ("our long-held understanding of the purposes of restitution . . . include[s] not only the compensation of victims, but also the punishment of offenders") (citing United States v. Brown, 744 F.2d 905, 909 (2d Cir. 1984)); United States v. Reano, 298 F.3d 1208, 1211-12 (10th Cir. 2002). Subject to limited exceptions, failure to impose restitution for crimes covered by the MVRA, where there is an identifiable victim, amounts to clear error. Johnson, 378 F.3d at 243–44.

The MVRA defines "victim" as a "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). The Victim and Witness Protection Act ("VWPA") states that "the court, when sentencing a defendant convicted of an offense under [Title 18 and others] . . . may order . . . that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A).

II.     Restitution is Appropriate

The Probation Department and the defendants contend that although the government proved pecuniary loss to the victim investors of VLNX and CYNK, "it is not clear that they were victims of the convicted conduct, money laundering, where the 'victim' is society at large." PSR Addendum at 2. The government respectfully submits that this reasoning is flawed.

First, the plain language of the money laundering statute demonstrates that Congress contemplated that restitution would be appropriate in certain cases. Indeed, the money laundering statute states, in relevant part, that a "court may appoint a Federal Receiver . . . to collect, marshal, and take custody, control, and possession of all assets of the defendant . . . including and order of restitution to any victim of a specified unlawful activity." 18 U.S.C. § 1956(b)(4)(A). Money laundering conspiracy does not mandate that its victim is per se "society at large." If that were the case, there could never be restitution in a money laundering case since it would be impossible to prove actual pecuniary harm to a specific victim, as is required for restitution, if the victim were society at large.

Hon. I. Leo Glasser
January 31, 2017
Page 3

        Second, the specified unlawful activity for the money laundering count of conviction in this case is "fraud in the sale of securities," which here involves the more than forty publicly-traded companies manipulated by the defendant and his co-conspirators. Because it would require a herculean, if not impracticable, effort to identify the actual pecuniary harm suffered by specific victims for the more than forty fraudulent manipulation schemes, the government selected the two stocks that were also charged in the indictment as substantive securities fraud and presented the Probation Department with its best efforts to make whole a percentage of victims who suffered loss as a direct result of the defendant's fraudulent scheme.

        Third, the money laundering conspiracy that Bandfield and Mulholland participated in and pleaded guilty to is clearly an offense which contains "as an element a scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A(a)(2). Indeed, both defendants pleaded guilty to laundering proceeds from a scheme to commit securities fraud over a period of approximately five years. Thus, the government submits that the specified unlawful activity in this case, fraud in the sale of securities, clearly fits within the ambit of the MVRA.

III.    Conclusion

        In conclusion, the government has identified victims who suffered actual pecuniary harm as a direct and proximate result of the defendant's actions. Accordingly, it is the government's position that restitution should be ordered in this case, pursuant to either the MVRA or the VWPA.

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney
        Eastern District of New York

By:        /s/
        Jacquelyn M. Kasulis
        Winston M. Paes
        Michael T. Keilty
        Assistant U.S. Attorneys
        (718) 254-6103 (Kasulis)

Enclosures

Cc:    Clerk of the Court (ILG) (By ECF) (w/o enclosures)
        Defense Counsel (By ECF and Email) (w/ enclosures)
        Roberta Houlton, U.S.P.O. (By Email) (w/ enclosures)